UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEIL AMERO AND MONA AMERO; BONNIE BENEFIELD;
JOSEPH BERNARD, JR.; RUBY BOVEE AND LESTER BOVEE;
MARY BOWMAN AND FRANK BOWMAN; DOUGLAS BROWN
AND ANN BROWN; RICHARD BROWNING; SPRINGFIELD
BUFFORD AND IDA BUFFORD; FRANK CALI; FRANK CASTRO
AND GLORIA CASTRO; DONALD CLINE AND NADINE CLINE;
THOMAS COLBERT AND JENNIFER COLBERT; GERTRUDE
CORCODEL AND JOHN CORCODEL; ELISSA CUSUMANO;
LOUIS DEBIASIO AND GISA DEBIASIO; PAUL DERRICK;
RON EARLE AND JANICE EARLE; GWEN FISHMAN AND
MYRON FISHMAN; STEPHEN FOURIE AND FE B. FOURIE;
JACK FRANQUI; WILLIAM HERRON AND THELMA HERRON;

2003-CV-    (   )

**JOINT NOTICE OF REMOVAL**

Plaintiffs,

- against -

BAYER CORPORATION, BAYER A.G., GLAXOSMITHKLINE, PLC,
SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE,

Defendants.

-------------------------------------------------------------------X

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, FED. R. CIV. P. 81(c), and Local Civil Rule 81.1 of the United States District Courts for the Southern and Eastern Districts of New York, Defendants Bayer Corporation ("Bayer") and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), hereby remove the above-captioned action, which had been pending under Index No. 112055/03 in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.1  In support of this Notice, Bayer states as follows:

1.  Complaint. Plaintiffs filed this First Amended Complaint ("Amended Complaint"

---

1  GlaxoSmithKline plc ("GSK plc"), the only other defendant served in this action, also consents to the removal of this action and has executed a Consent to Remove form, a copy of which is annexed hereto as **Exhibit "A"**.

272642.1                                           1

or "Amd Compl.") on October 22, 2003.[2] Plaintiffs allege that they suffered personal injuries due to their ingestion of Baycol®, a drug marketed by Bayer. Plaintiffs assert claims for negligence, strict product liability, and breach of warranty.

2. <u>Service and Consent</u>. Defendant Bayer was served with a copy of the Amended Summons and Complaint on October 28, 2003. A copy of the Amended Summons and Complaint is annexed hereto as **Exhibit "B"**. Defendant GSK was served with a copy of the Amended Summons and Complaint on October 28, 2003.[3] Defendant GSK plc was served with a copy of the Amended Summons and Complaint on November 4, 2003, and subsequently executed a Consent to Remove form, a copy of which is annexed hereto as Exhibit "A".

3. <u>Basis for Jurisdiction in this Court</u>. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

    A. <u>Diversity of Citizenship</u>

<u>Plaintiff</u>

Upon information and belief, all named plaintiffs are individuals who reside in the County of Maricopa, State of Arizona and are therefore citizens of the State of Arizona. (See Ex. A at (Amd Compl.) ¶ 1).

---

[2] This complaint was originally filed with the Supreme Court, County of New York on June 30, 2003, with multiple plaintiffs named. On October 22, 2003, an amended Summons and Complaint was filed naming different plaintiffs.

[3] Upon information and belief, Bayer A.G., has not yet been served. Even if Bayer A.G., had been served, because it is a foreign corporation organized under the laws of Germany, with its principal place of business in Germany, its inclusion in this lawsuit would not affect this Court's diversity jurisdiction. Moreover, Bayer A.G., which is represented by counsel for Bayer, consents to this removal without waiving its rights to proper service and reserving all other rights.

272642.1

2

### Defendants

Defendant Bayer is an Indiana corporation with its principal place of business in Pennsylvania, and thus, under 28 U.S.C. § 1332(c)(1), is a resident and citizen of both the states of Indiana and Pennsylvania.

Defendant Bayer A.G. is now, and was at the time of filing of this action, a foreign corporation organized and existing under the laws of Germany with its principal place of business in Germany. Amd Compl. ¶2b.

Defendant Smithkline Beecham Corporation d/b/a Glaxosmithkline is now, and was at the time filing of this action, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. Amd Compl. ¶2d, e. Accordingly, under 28 U.S.C. § 1332(c)(1), it is a resident and citizen of the Commonwealth of Pennsylvania.

Defendant GlaxoSmithKline plc is now, and was at the time of the filing of this action, a British corporation with its principal place of business in England. And Compl. ¶2c.

### B. Amount in Controversy

The amount in controversy exceeds $75,000, exclusive of interest and costs. The Amended Complaint specifically seeks "compensatory damages in a sum that exceeds the jurisdictional limit of any Court that would otherwise have jurisdiction." (See Amended Complaint at Prayer for Relief).

Accordingly, the judgment sum sought by Plaintiff places an amount in controversy that clearly outstrips the $75,000 jurisdictional threshold required to remove this action to this United States District Court.

4. **Notice Given**. The removing defendants have simultaneously filed a true and

correct copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York. See 28 U.S.C. § 1446(d). A copy of the Notice to State Court of Filing of Notice of Removal in the State Court is attached hereto as **Exhibit "C"**. (To avoid duplication, Ex. C does not include the exhibits to the Notice to State Court of Filing of Notice of Removal in the State Court).

5. Removal is Timely. Bayer and GSK were both served with the Amended Summons and Complaint on October 28, 2003. Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (holding that thirty day time period under removal statute begins to run from the date of formal service).

6. Pleadings and Process. Under 28 U.S.C. § 1446(a), the removing defendants are required to attach to this notice a copy of all process, pleadings, and orders served upon them. Accordingly, as noted previously, a copy of the Amended Summons and Complaint is attached hereto as Exhibit A.

7. Baycol MDL. On December 18, 2001, the Judicial Panel on Multi-District Litigation ("JPML") issued an order establishing an MDL for all Baycol lawsuits pending in the federal courts. See In re Baycol Prods. Liab. Litig., 180 F. Supp. 2d 1378 (J.P.M.L. 2001). The JPML has been transferring all such cases to the United States District Court for the District of Minnesota. Defendant Bayer intends to notify the JPML that this action is a "tag-along" case that should be transferred to the MDL proceedings in the District of Minnesota.

WHEREFORE, Bayer and GSK hereby remove this case from the Supreme Court of the State of New York, County of New York, to this United States District Court.

Dated: New York, New York
November 25, 2003

BAYER CORPORATION

By: _____
Daniel S. Ratner (DR 7823)
HEIDELL, PITTONI, MURPHY & BACH, LLP
*Attorneys for Defendant*
*BAYER CORPORATION*
Office & P.O. Address
99 Park Avenue
New York, New York 10016
Tel: (212) 286-8585
Fax: (212) 490-8966

SMITHKLINEBEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE

By: _____
Beth L. Kaufman (BK 7809)
David B. Gordon (DG 0010)
SCHOEMAN, UPDIKE & KAUFMAN, LLP
60 East 42nd Street
New York, NY 10165
(212) 661-5030

Thomas F. Munno (TM-4785)
Debra D. O'Gorman (DO-1643)
DECHERT LLP
30 Rockefeller Plaza,
New York, NY 10112-2200
(212) 698-3500
*Attorneys for Defendants*
*SmithKlineBeecham Corporation d/b/a*
*GlaxoSmithKline*

TO:   Victoria J. Maniatis, Esq.
Paul Pennock, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038
(212) 558-5906
*Attorneys for Plaintiff*

Beth L. Kaufman, Esq
David B. Gordon, Esq
Schoeman, Updike & Kaufman LLP
60 East 42nd Street
New York, New York 10165
(212) 661-5030
*Attorneys for Glaxosmithkline, plc.*

272642.1

5